**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Calleja, | No. CV-15-01120-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Sean Cannon and Cannon Law Firm, PLLC, | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Attorneys' Fees (Doc. 53).

## I.   BACKGROUND

In this action, Plaintiff prevailed on his claims under the Fair Debt Collection Practice Act ("FDCPA"), after which the parties stipulated for entry of judgment in the principal amount of $1,000.00, the maximum amount of statutory damages available under the FDCPA.  (Docs. 50, 51.)  The parties stipulated that Plaintiff is entitled to an award of attorney's fees and costs reasonably incurred in this matter.  (Doc. 51.) Judgment was entered in favor of Plaintiff and against Defendants in the amount of $1,000.00.  (Doc. 52.)  The Court further ordered that "Plaintiff may claim award of attorney's fees pursuant to Federal Rule 54 and Local Rule 54."  (*Id.*)

## II.   LEGAL STANDARD

Any debt collector who fails to comply with the FDCPA is liable for not only damages, but also "in the case of any successful action to enforce the foregoing liability,

the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(3). "The FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *accord Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1032 (9th Cir. 2012). District courts must calculate awards for attorney's fees using the lodestar method, which is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id.* The lodestar figure is presumptively the fee award, but the district court may adjust the lodestar to account for other factors if circumstances warrant. *Id.* "The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA."

**III.   ANALYSIS**

Plaintiff requests an award of attorney's fees in the amount of $34,662.00. Plaintiff has submitted billing records showing that Plaintiff's counsel expended a total of 94.60 hours of attorney time, billed at an hourly rate of $325.00, and two paralegals expended a total of 20.40 hours, one of whom has an hourly rate of $75.00 and the other $95.00. He has submitted evidence supporting the reasonableness of the billing rates and hours expended.

Defendants do not dispute the reasonableness of the hours expended or the hourly rates. They ask only that the fee award be reasonably related to the amount in controversy in this case, which would conflict with congressional intent.

Plaintiff's counsel's efforts in this case were reasonable, especially in light of Defendants' scorched-earth defense in support of its FDCPA violations. Defendants offered charts and schedules of supposed payments and credits that turned false upon comparison to undisputed primary facts. Defendants cannot complain that Plaintiff's counsel slogged through the false compilations, as did this Court, to expose the falsity of Defendants' defense. That took time. Defendants must now pay further for the exposure

1  of its attempted deception.  Plaintiff's hours, rates and total fees are reasonable and will

2  be awarded in the amount claimed.

3        The Court finds that Plaintiff is entitled to an award of attorney's fees under the

4  FDCPA and the amount requested is reasonable.

5        IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorneys' Fees (Doc.

6  53) is granted.

7        IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Plaintiff

8  Philip Calleja and against Defendants Sean Cannon and the Cannon Law Firm, PLLC, in

9  the amount of $34,662.00, plus interest at the federal rate of 1.11% from the date of

10  judgment until paid.

11        Dated this 8th day of May, 2017.

Neil V. Wake
Senior United States District Judge